IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **NRRM, LLC,** | ) | |
| | ) | |
| Petitioner, | ) | Case No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| **ENDURANCE WARRANTY** | ) | Underlying Case: |
| **SERVICES, LLC** | ) | *NRRM, LLC v. MVF US LLC, Marketing VF* |
| | ) | *LTD., et al.*, Civil Action No. 4:23-cv-01133 |
| Respondent. | ) | (E.D.M.O) |

---

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBOPENA AGAINST NON-PARTY ENDURANCE WARRANTY SERVICES, LLC**

**CERTIFICATE OF CONFERRAL**

The undersigned counsel has made a reasonable attempt to confer with Endurance but its lawyers have not responded to explain why they have not complied with the subpoena.

**I.** *Introduction*

On November 12, 2024, Plaintiff NRRM, LLC d/b/a CarShield served a Rule 45 subpoena on Endurance Warranty Services[1], the main company Defendants in the underlying case provide consumer leads to.

The subpoena seeks, among other things, phone recordings of calls between Endurance and consumers that were the result of referrals Defendants in the underlying action provided to Endurance from Defendants' advertising that is at issue in this case. These documents, which were due on November 25, 2024, are highly relevant to this action because they will undoubtedly

---

[1] The subpoena is attached as Exhibit A. The Affidavit of Service to Endurance's registered agent is attached as Exhibit B.

include phone calls where consumers, who had searched for CarShield on Google, mention CarShield on sales calls with Endurance.

Rather than produce the documents or assert any objections, Endurance ignored the subpoena altogether. This actually is the second time Endurance has ignored a subpoena. Previously, a subpoena had been served on their registered agent in Springfield and no response had been provided to that subpoena either. When counsel for Plaintiff tried to confer with Endurance's counsel about why the subpoena had been ignored, Endurance did not provide any substantive reasons for ignoring.

As a result, CarShield requests that this Court order Endurance to produce all responsive documents within seven days and to award CarShield its attorney's fees incurred as a result of this motion seeking such compliance.

More specifically, the subpoena requests documents related to the improper use of CarShield's trademarks by Defendants in the underlying litigation to drum up business with Endurance, the subpoenaed party, and send Endurance leads to bombard CarShield's customers with sales pitches and steal Carshield's market share.

Aside from the previously mentioned phone records, the subpoena requests documents concerning the total number of leads, resulting sales, and revenue garnered by Endurance through the information provided to it by MVF, as well as the mechanisms used by MVF to accomplish its work, including keyword bidding on Google adwords using derivatives of Carshield's name. The requests are thus directly relevant to CarShield's claims in the pending litigation

The requests are also tailored to the appropriate time period of February 1, 2022 to present to avoid burdening Endurance. Yet, despite the valid subpoena requests which comply with Rule 26 and 45, Endurance has failed to respond or produce the requested documents.

## II. *Argument*

Federal Rule of Civil Procedure 45 requires a party receiving the subpoena to respond: "It is the responsibility of every citizen to respond to this mandate." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340–41 (8th Cir. 1975) (citing *United States v. Bryan*, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950)).

When one refuses to respond to a properly issued subpoena, "it is within the court's power to force that response." *Id.* Failure to obey a subpoena "without adequate excuse" may be deemed a contempt of court from which the subpoena issued. *In re Fish & Neave*, 519 F.2d 116, 118 (8th Cir. 1975); *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (holding that Rule 45 provides for contempt for those not responding even for attorney-issued subpoenas); Fed. R. Civ. P. 45(a)(2) advisory committee's note (1991) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."); Fed. Rules Civ. Proc. Rule 45(f).

Here, Endurance completely ignored CarShield's properly-issued subpoena without even so much as proffering an excuse, much less a timely objection. This Court should compel Endurance to produce responsive documents and award CarShield's fees in pursuing this relief.

### A. CarShield Properly Served Its Subpoena Upon Endurance

As relevant here, the production of documents from a nonparty can be compelled only by issuance of subpoena duces tecum. Fed. Rules Civ. Proc. Rule 45(d)(1). Federal Rule of Civil Procedure 45(b)(1) provides that serving a subpoena requires delivering a copy to the named person.

On November 12, 2024, CarShield properly served its subpoena for documents to

3

Endurance by serving its registered agent Cogency Global Inc. and delivering a copy of the subpoena to manager Anthony Dickinsen in Springfield, Illinois where Endurance maintains its registered agent. *See* Exhibits A and B. The subpoena commanded Endurance's compliance by November 25, 2024. It's been over a week since the subpoena response date, and not only has Endurance failed to produce the documents requested by CarShield – Endurance has failed to respond *at all*. And now Endurance refuses to respond to emails asking for compliance. This complete lack of response is unacceptable under the rules, and this Court should order endurance's compliance with the subpoena. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996) ("The party from whom the documents are requested must provide the documents or state a specific objection.").

    **B.    CarShield Has A Legitimate Need For The Information Requested And Scope is Appropriate**

Rule 45, through Rule 26, provides for liberal discovery, of "any nonprivileged matter that is relevant to any party's claim or defenses." Fed. R. Civ. P. 26(b)(1); *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 139 (2014) ("The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.'" (*quoting* Fed. Rule Civ. Proc. 26(b)(1)); *see also Shepherd v. Castle*, 20 F.R.D. 184, 189 (W.D. Mo. 1957) ("under the mandate of Rule 45[], 'any matter, not privileged, which is relevant to the subject matter involved in the pending action' which 'constitutes or contains evidence' may be sought by subpoena duces tecum as a matter of right..."). "Liberal discovery is permitted in federal court to encourage full disclosure before trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Reed v. Wexford Health Sources, Inc.*,

4

Case No. 20-cv-1139, 2022 WL 4483949, *3 (S.D. Ill. Sept. 27, 2022), *citing N.W. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004). "The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002).

Simply put, Rule 45 permits parties to subpoena relevant information that is in the hands of nonparties to the action. *See also* Fed. R. Civ. P. 45, committee note as to "purpose" of 1991 amendments ("to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties"); *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1163 (10th Cir. 2016) ("Rule 45 today affords parties the power to compel nonparties to produce documents without also convening a deposition").

The information requested will materially advance CarShield's proof of its claims. In its Complaint, CarShield argues that Defendants purport to operate a website for customers to see which companies are the highest rated Vehicle Service Contract ("VSC") companies, but in fact it is a pay-to-play website where competitors of CarShield pay Defendants to get top listings on their website, thereby misleading customers about what the top rated companies are.

In addition, Defendants advertise the GoWizard pay-to-play website by using and infringing CarShield's trademarks and other confusingly similar marks and phrases in their internet advertising strategy. Specifically, Defendants buy the keyword "CARSHIELD" on Google, Bing and Yahoo! so that their generic and false ads for a VSC company rating website displays as an advertisement in the prominently displayed 'sponsored ads' section of search engines. Actions that the Court in the underlying action already have ruled are actionable.

Here, the subpoena requesting information about these ad words buys, the potential consumer confusion evidenced on phone calls from leads provided to Endurance, and also about

the sale and revenue stolen through unauthorized use of the CarShield marks is directly relevant and pertinent to CarShield's claims.

## C. Endurance Waived Its Right To Object

Rule 45 requires the subpoenaed party to timely object or move to quash. Pursuant to Rule 45(d)(2)(B), objections to the subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Likewise, pursuant to Rule 45(d)(3)(A), a motion to quash must be made "timely." A "timely" motion must be made within 14 days of service of a subpoena. *Brogen v. Pohlad*, 1994 WL 654917, at *1 (N.D. Ill. Nov. 14, 1994) (finding that non-party waived objections to subpoena by failing to make a timely written objection).

Moreover, objections not timely asserted are waived. *Id.*; *see also Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012); *In re Subpoenas to Prof. Sales & Marketing Group, Inc.*, 2010 WL 1489912, at *2–3 (N.D. Ill. Apr. 9, 2010); *Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted"); *Carston v. County of Cook*, 1987 WL 8167, at *1 (N.D. Ill. 1987) ("Failure to answer in a timely manner constitutes a waiver of the right to object."); 9A Charles Alan Wright et al., Federal Practice and Procedure § 2463 ("A failure to object within the fourteen-day period usually results in waiver of the contested issue.").

Pursuant to Rule 45(d)(2)(B), Endurance's objections were due on November 25, 2024, fourteen days after the date on which the subpoena was served, November 12, 2024. Endurance's failure to object constitutes a waiver of its right to object. Therefore, this Court should order Endurance to fully comply with the Subpoena and produce the information demanded forthwith.

### D. CarShield is Entitled to Fees Based Upon Endurance's Refusal to Respond

Rule 45 of the Federal Rules of Civil Procedure provides that a court may impose sanctions, including attorney's fees, on a party or attorney who fails to comply with a subpoena without adequate excuse. *Sprint Solutions, Inc. v. iCell Guru, Inc.*, 310 F.R.D. 563 (2015).

In *Sprint Solutions*, the court awarded attorney's fees incurred in bringing a motion to compel compliance with a subpoena, indicating that such fees can be an appropriate remedy. *Id. Sprint* supports the notion that attorney's fees may be awarded to the party who served the subpoena if they must seek a motion to compel to enforce it. *Id.*

Here, CarShield has been forced to undertake this Motion to Compel since Endurance has ignored the subpoena entirely, and has been wrongfully saddled with additional attorney's fees necessary to seek this Court's intervention. CarShield asks the Court to award its fees to compensate for such expense.

Dated: December 4, 2024                     DICKINSON WRIGHT PLLC

                                               By:     s/ *David S. Becker*
                                                            David S. Becker
                                                            Dickinson Wright PLLC
                                                            55 West Monroe, Suite 1200
                                                            Chicago, IL 60603
                                                            Tel: (312) 641-0060
                                                            Fax: (844) 670-6009
                                                            Email: DBecker@dickinson-wright.com

                                                            Jeffrey H. Kass
                                                            Dickinson Wright PLLC
                                                            1626 Wazee Street, Suite 200
                                                            Denver, Colorado 80202
                                                            Tel: (303) 723-8400
                                                            Fax: (844) 670-6009
                                                            Email: JKass@dickinson-wright.com

                                                            ***Attorneys for Petitioner NRRM, LLC***

**CERTIFICATE OF SERVICE**

I certify that on December 4, 2024 a true and accurate copy of the forgoing was sent via email to counsel of record, to outside counsel for Endurance Warranty Services, LLC, and was served via process server to Endurance's registered agents in Illinois and Missouri.

Nichole Davis Chollet
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
nchollet@kilpatricktownsend.com

Bryan Wolin
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
3 Times Square, 28th Floor
New York, NY 10036
Telephone: (212) 775-8700
bwolin@ktslaw.com
**Counsel for Defendant MVF US LLC, MARKETING VF LTD. (Underlying Matter)**

Joseph M. Kuo
Steven N. Malitz
**SAUL EWING LLP**
161 North Clark, Suite 4200
Chicago, IL 60601
312-876-7100 (telephone)
Joseph.kuo@saul.com
Steven.malitz@saul.com
**Counsel for Respondent Endurance Warranty Services, LLC**

Cogency Global Inc.
600 South Second Street, Suite 404,
Springfield, IL 62704-2542
**Registered Agent for Respondent Endurance Warranty Services, LLC**

Cogency Global Inc.
406 N Main St., Ste B
Rolla, MO 65401-3154
**Registered Agent for Respondent Endurance Warranty Services, LLC**

                                        s/ *David S. Becker*
                                           David S. Becker